UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

FEB 15 2007

CLERK

*********************************************************************

|  |  |  |
|---|---|---|
| YANKTON SIOUX TRIBE, and its individual members, | * * * | CIV 98-4042 |
|  | * |  |
| Plaintiffs, | * |  |
|  | * |  |
| UNITED STATES OF AMERICA, on its own behalf and for the benefit of the Yankton Sioux Tribe, | * * * | MEMORANDUM OPINION AND ORDER |
|  | * |  |
| Plaintiff-Intervenor, | * |  |
|  | * |  |
| -vs- | * |  |
|  | * |  |
| SCOTT PODHRADSKY, States Attorney of Charles Mix County, et al., | * * | |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

*********************************************************************

Pending before the Court are motions to permit an immediate appeal pursuant to 28 U.S.C. § 1292(b), Docs. 229 and 234. The motions have been fully briefed by the parties. For the reasons set forth below, the Court does not find Defendants have met the requirements for an immediate appeal under § 1292(b) and the motions will be denied.

The decision the Defendants seek to appeal is the Court's Memorandum Opinion and Order, Doc. 223, setting forth what issues will be considered on the remand of this case from the Eighth Circuit Court of Appeals. The Court's decision does not involve a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Rather, the Court is following the Eighth Circuit's directions in *Yankton Sioux Tribe v. Gaffey*, 188 F.3d 1010 (8th Cir. 1999) ("*Gaffey II*"). All parties were afforded an opportunity to set forth their views on the issues remaining on the remand and, after considering all of the parties' views, the Court set forth

the issues that will be considered and established a scheduling order. Although Defendants do not agree with the Court's decision, the Court does not find a substantial ground for difference of opinion of the scope of the remand.

Moreover, the Court does not find that an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eighth Circuit held that the record before that court was inadequate and it was unable to define the precise boundaries of what remains of the Yankton Sioux Reservation. *See Gaffey II*, 188 F.3d 1030. It was recognized by the Eighth Circuit that, "both sides have followed an all or nothing strategy" in this case, so neither side spent much time developing the record or arguments on specific tracts of land. *Id.* The record has not yet been any further developed than when it was before the Eighth Circuit and thus an appeal of the Court's Memorandum Opinion and Order will prolong rather than advance the ultimate termination of this litigation.

In light of the delay resulting from the pending motions, the Court will extend the deadlines set forth in the prior Memorandum Opinion and Order. Accordingly,

IT IS ORDERED:

1.   That, pursuant to Fed.R.Civ.P. 25(d), Defendant Michael Rounds, Governor of the State of South Dakota, is substituted for William Janklow and Lawrence E. Long, Attorney General of the State of South Dakota is substituted for Mark W. Barnett as the proper parties in this action.

2.   That Defendants Rounds and Long's Motion for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), Doc. 229, is denied.

3.   That, pursuant to Fed.R.Civ.P. 25(d), Scott Podhradsky, State's Attorney, Charles Mix County, is substituted for Defendant Matt Gaffey, and Charles Mix County Commissioners C. Red Allen and Keith Mushitz are substituted for Bruce Bakken and Jack Soulek. The caption shall be amended as set forth above.

2

4.      That Defendants Podhradsky, Allen Mushitz and Peters' Amended Motion for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), Doc. 234, is denied.

5.      That, all discovery shall be commenced in time to be completed by May 7, 2007, and a maximum of thirty (30) interrogatories, including subparts, by each party to any other will be allowed, and responses thereto shall be due thirty (30) days after service and not later than May 7, so interrogatories will have to be served at least 30 days before May 7.  Discovery responses must be supplemented as additional information is available.

6.      That, on or before May 18, 2007, the parties shall file a joint map or maps if a joint map cannot be agreed upon.

7.      That, on or before, May 25, 2007, the Defendants shall file briefs setting forth their views regarding the boundaries of the Yankton Sioux Reservation on the remaining issues as identified by the Court in the Memorandum Opinion and Order, Doc. 223 filed on December 13, 2006; the Yankton Sioux Tribe and the United States shall file and serve answering materials and briefs on or before June 15, 2007; and Defendants' reply briefs shall be filed and served on or before June 26, 2007.  The parties need not restate arguments already made in response to the Court's previous Orders.

Dated this 15th day of February, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Sharon Tolle_
    (SEAL)          DEPUTY

3